**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Vili AVA, Defendant—Appellant.**

No. 01–10253.

D.C. No. CR–99–00485–HG.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2001 *.

Decided Dec. 6, 2001.

Before BRUNETTI, KLEINFELD and THOMAS, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Vili Ava appeals his convictions on three counts of defrauding a bank in violation of 18 U.S.C. § 1344. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Although he did not object at trial, on appeal Ava objects to four categories of evidence: (1) testimony regarding the $8,400 he "borrowed" from Mauai's account; (2) his evasive answers and shifting explanations when confronted by investiga-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tors; (3) a copy of Mauai's passbook and testimony that Ava had made all the entries in it, many of which did not balance; and (4) testimony that somehow Mauai's address had been changed in the bank's records to an address from which mail was returned.

Contrary to Ava's contention, none of this evidence was "other acts" evidence. Thus, Federal Rule of Evidence 404(b) does not bar its admission. This evidence concerns acts inextricably intertwined with acts properly at issue during the trial. *United States v. King*, 200 F.3d 1207, 1215 (9th Cir.1999). The events regarding the $8,400 occurred prior to the third loan. It is logical to infer that Ava obtained the third loan, without Mauai's knowledge, so that he could both pay off the prior loan and give Mauai some money in order to make it appear that he was making good on his promise to pay back the $8,400. The false passbook entries and the changed address in the bank's computer system were a way for Ava to cover his tracks and lull Mauai so that Mauai would not realize Ava was taking advantage of Mauai through the loans. Further, testimony regarding Ava's changing stories to the bank investigators and the FBI agent also was admissible as inextricably intertwined and to prove his consciousness of guilt. *United States v. Ramirez–Jiminez*, 967 F.2d 1321, 1327–28 (9th Cir.1992).

Thus, the challenged evidence was admissible, and its admission certainly did not constitute plain error. *See United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (holding that reviewing courts are required to reverse for plain error only when " 'a miscarriage of justice would otherwise result' ") (quoting *United States v. Young*, 470 U.S.

1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)); *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir.1997) (describing plain error as "error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection").

Given our determination that the evidence was admissible, Ava's claims of (1) ineffective assistance of counsel for failing to object to admission of the evidence and (2) prosecutorial misconduct based on government counsel's introduction of the evidence and reference to it in closing argument also necessarily fail.

AFFIRMED.